IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CRAVE MAGAZINE, INC.<br><br>　　　　Plaintiff,<br><br>v.<br><br>CRAVE TATTOO, INC. F/K/A CRAVE TATOO, INC., AND KEVIN CRIMMINS,<br><br>　　　　Defendants. | Case No._3:06-cv-03004-MWB___<br><br>COMPLAINT |

COMES NOW, the Plaintiff, Crave Magazine, Inc. ("Crave Magazine"), by and through the undersigned attorneys of the law firm of Whitfield & Eddy, P.L.C., and for its Complaint states as follows:

**Parties**

1.　　Crave Magazine is a corporation incorporated under the laws of the State of Iowa, with a place of business in Fort Dodge, Webster County, Iowa.

2.　　Crave Tattoo, Inc. f/k/a Crave Tatoo, Inc. [sic], is a corporation incorporated under the laws of the State of Iowa, with a place of business in Fort Dodge, Webster County, Iowa.

3.　　Kevin Crimmins is an individual who, at all material times, resided in Webster County, Iowa.

**Jurisdiction**

4. The United States District Court has jurisdiction to hear this matter pursuant to 15 U.S.C. § 1121(a); 28 U.S.C. §1331; and 28 U.S.C. §1367(a).

5. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Background**

6. Crave Magazine publishes and distributes a printed trade magazine called "Crave Tattooing and Body Modification" (the "Magazine") marketed to tattoo and body piercing artists and businesses.

7. On or about January 17, 2005, promoters of Crave Magazine, registered the domain name cravetattoo.com with ATCOM Technology.

8. On or about March 7, 2005, Crave Magazine used in commerce the trademark CRAVE TATTOOING AND BODY MODIFICATION ("Word Mark") in connection with the publication and distribution of the Magazine.

9. In May 2005, in connection with the publication and distribution of the Magazine, Crave Magazine used in commerce the following stylized mark as shown below in Figure 1 ( the "Crave Logo") incorporating the Word Mark as the literal element.



**Figure 1**

10. The domain name cravetattoo.com is directed to the website for Crave Magazine, which prominently displays the Crave Logo. The web site has been operational since June 2005.

11. Crave Magazine continues to use in commerce the Crave Logo, the Word Mark, and the word mark CRAVE TATTOO in connection with the publication and distribution of the Magazine.

12. In November 2005, Gena Batcheller, a principal of Crave Magazine, and Jennifer Perras initiated preparations for opening a tattoo and body piercing business in Fort Dodge, Iowa.

13. At the same time, Ms. Batcheller discussed the plans for opening a tattoo and body piercing business with Melissa McCrady, an employee of the law firm of Bennett, Crimmins & Ostrander, in Fort Dodge, Iowa, regarding whether an attorney of the firm would be able to provide legal services in the formation of the tattoo and body piercing business. Through Ms. McCrady, the law firm declined the representation as a conflict of interest and referred them to another attorney.

14. Attorney Mark Crimmins, of Bennett, Crimmins & Ostrander is the brother of Kevin Crimmins.

15. Kevin Crimmins is the President, a director, and on reasonable belief, a shareholder in Permanent Collection, Inc., an Iowa corporation, which owns and operates tattoo and body piercing shops in Fort Dodge, Iowa; Ames, Iowa; and Marshalltown, Iowa.

16. Prior to July 2005, Craig Perras, a principal of Crave Magazine had worked as an independent tattoo artist in a tattoo shop owned and operated by Permanent Collection, Inc.

17. Crave Magazine reasonably believes that Mark Crimmins informed Kevin Crimmins that persons involved with Crave Magazine were preparing to open and operate a competing tattoo and body piercing business in Fort Dodge, Iowa.

18. On or about December 9, 2005, Kevin Crimmins, individually, registered the domain name cravetattooinc.com with Wild West Domains, Inc.

19. On December 13, 2005, Kevin Crimmins incorporated Crave Tatoo, Inc. [sic] in the Office of the Secretary of State for the State of Iowa. On December 27, 2005, Kevin Crimmins filed, or caused to be filed, Articles of Amendment changing the name of Crave Tatoo, Inc. to Crave Tattoo, Inc.

20. On December 16, 2005, Kevin Crimmins, individually, filed with the United States Patent and Trademark Office an application for registration of the stylized mark ("Crimmins Logo") as shown below in Figure 2. (See Exhibit "A").



**Figure 2**

21. The application for registration of the Crimmins Logo seeks to register the Crimmins Logo in International Class 016, which includes without limitation "paper, cardboard and goods made from these materials".

4

22. The description of goods and services for which Kevin Crimmins seeks registration of the Crimmins Logo is for "Newsletters and trade publications in the tattoo and body piercing industry."

23. The application for registration of the Crimmins Logo was filed under 15 U.S.C. § 1051(b) "Trademarks intended for use in commerce".

24. Kevin Crimmins intentionally and willfully copied the Crave Logo in creating the Crimmins Logo.

25. The domain name Cravetattooinc.com is directed to the website for Permanent Collection Inc., which uses the word mark CRAVE TATTOO and asserts to be the web site of "Crave Tattoo, Inc. A division of Permanent Collection Inc."

## COUNT I

### 15 U.S.C. § 1125(a) - The Crave Logo

26. The Crave Logo is a valid and protectable trademark under 15 U.S.C. § 1125(a).

27. The Crimmins Logo is substantially similar, if not identical, to the Crave Logo.

28. Use of the Crimmins Logo in commerce is likely to cause confusion in the marketplace.

29. Kevin Crimmins has acted wilfully and with fraudulent intent.

30. Kevin Crimmins is using the Crimmins Logo with the intent to trade on the goodwill of Crave Magazine and to interfere with the business of Crave Magazine.

31. Crave Magazine has suffered damages sufficient to invoke the jurisdiction of this court and is entitled to recovery of damages under 15 U.S.C. § 1117.

5

**WHEREFORE**, Crave Magazine respectfully request the Court enter judgment against Kevin Crimmins individually and: (1) award Crave Magazine compensatory damages in an amount to be determined at trial; (2) award Crave Magazine court costs; (3) treble the compensatory damage award; (4) award Crave Magazine its reasonable attorney fees incurred in prosecuting this matter; and (5) award such further relief as the Court deems just and equitable.

### COUNT II

### Injunctive Relief (15 U.S.C. § 1116(a)) - The Crave Logo

32. Kevin Crimmins intends to use or continue to use the Crimmins Logo in commerce.

33. Kevin Crimmins' use of the Crimmins Logo in commerce is a violation of 15 U.S.C. § 1125(a).

34. Crave Magazine is entitled to injunctive relief under 15 U.S.C. § 1116(a).

35. Kevin Crimmins has acted wilfully and with fraudulent intent.

36. Kevin Crimmins seeks federal trademark registration of the Crimmins Logo with the intent to trade on the goodwill of Crave Magazine and to interfere in the business of Crave Magazine.

**WHEREFORE**, Crave Magazine respectfully requests the Court permanently enjoin Kevin Crimmins from (1) using in commerce the Crimmins Logo and any other logo substantially similar to the Crave Logo; and (2) pursuing a trademark registration for the Crimmins Logo and its literal element. Crave Magazine further prays that the Court will award Crave Magazine its reasonable attorney fees incurred in obtaining injunctive relief.

## COUNT III

### 15 U.S.C. § 1125(a) - The Crave Word Marks

37. The Word Mark (CRAVE TATTOOING AND BODY MODIFICATION) and the word mark CRAVE TATTOO (collectively the "Crave Word Marks") are each a valid and protectable trademark under 15 U.S.C. § 1125(a).

38. Crave Magazine is the owner of the Crave Word Marks.

39. The literal element of the Crimmins Logo is identical to the Word Mark and use of the Crimmins Logo in commerce is likely to cause confusion in the marketplace.

40. The domain name cravetattooinc.com is substantially similar to both of the Crave Word Marks and use of the domain name cravetattooinc.com is likely to cause confusion in the marketplace.

41. Kevin Crimmins has acted wilfully and with fraudulent intent.

42. Crave Magazine has suffered damages sufficient to invoke the jurisdiction of this court and is entitled to recovery of damages under 15 U.S.C. § 1117.

**WHEREFORE**, Crave Magazine respectfully request the Court enter judgment against Kevin Crimmins individually and: (1) award Crave Magazine compensatory damages in an amount to be determined at trial; (2) award Crave Magazine court costs; (3) treble the compensatory damage award; (4) award Crave Magazine its reasonable attorney fees incurred in prosecuting this matter; and (5) award such further relief as the Court deems just and equitable.

## COUNT IV

### Injunctive Relief (15 U.S.C. § 1116(a)) - The Crave Word Marks

43. Kevin Crimmins intends to use or to continue to use in commerce cravetattooinc.com and the word mark CRAVE TATTOO in connection with operating a tattoo shop and in connection with publishing and distributing a print magazine.

44. Kevin Crimmins' use of the domain name cravetattooinc.com or the word mark CRAVE TATTOO in commerce is a violation of 15 U.S.C. § 1125(a).

45. Crave Magazine is entitled to injunctive relief under 15 U.S.C. § 1116(a).

46. Kevin Crimmins has acted wilfully and with fraudulent intent.

47. Kevin Crimmins is using the domain name cravetattooinc.com and the mark CRAVE TATTOO with the intent of trading on the goodwill of Crave Magazine and purposefully interfering in the business of Crave Magazine.

**WHEREFORE**, Crave Magazine respectfully requests the Court permanently enjoin Kevin Crimmins and Crave Tattoo, Inc. f/k/a Crave Tatoo, Inc. from using in commerce the domain name cravetattooinc.com and the word mark CRAVE TATTOO. Crave Magazine further prays that the Court award Crave Magazine its reasonable attorney fees incurred in obtaining injunctive relief.

## COUNT V

### 15 U.S.C. § 1120 Fraudulent Registration - Crimmins Logo

48. Kevin Crimmins is seeking federal trademark registration of the Crimmins Logo. (Exhibit "A").

8

49. The Crimmins Logo is an identical copy of the Crave Logo created by Craig Perras for Crave Magazine.

50. Kevin Crimmins has falsely and fraudulently represented and verified to the United States Patent and Trademark Office that he is entitled to use the Crimmins Logo in commerce.

51. Kevin Crimmins has falsely and fraudulently represented and verified to the United States Patent and Trademark Office that his application for registration is accurate.

52. Kevin Crimmins has falsely and fraudulently represented and verified to the United States Patent and Trademark Office that no other person has the right to use the Crimmins Logo.

53. Kevin Crimmins is seeking federal trademark registration of the Crimmins Logo with the intent to trade on the goodwill of Crave Magazine and for the purpose of interfering in the business of Crave Magazine.

54. Kevin Crimmins has threatened vexatious litigation for infringement of his "trade-marked name and logo." (Exhibit "B").

55. Crave Magazine has been injured and suffered damages sufficient to invoke the jurisdiction of this court.

**WHEREFORE**, Crave Magazine respectfully request the Court enter judgment against Kevin Crimmins individually and: (1) award Crave Magazine compensatory damages in an amount to be determined at trial; (2) award Crave Magazine court costs; (3) treble the

compensatory damage award; (4) award Crave Magazine its reasonable attorney fees incurred in prosecuting this matter; and (5) award such further relief as the Court deems just and equitable.

## COUNT VI

### 15 U.S.C. § 1125(d) - Cybersquatting

56. Crave Magazine is the owner of the Word Mark and the mark CRAVE TATTOO.

57. Kevin Crimmins registered the domain name cravetattooinc.com in bad faith and with the intent to profit from Crave Magazine's goodwill in the Word Mark and the mark CRAVE TATTOO.

58. Kevin Crimmins' registration and use of the domain name cravetattooinc.com is identical or confusingly similar to both the Word Mark and the mark CRAVE TATTOO.

59. Crave Magazine has suffered damages sufficient to invoke the jurisdiction of this court and is entitled to recovery of damages under 15 U.S.C. § 1117.

**WHEREFORE**, Crave Magazine respectfully request the Court enter judgment against Kevin Crimmins individually and: (1) award Crave Magazine compensatory damages in an amount to be determined at trial; (2) award Crave Magazine court costs; (3) treble the compensatory damage award; (4) award Crave Magazine its reasonable attorney fees incurred in prosecuting this matter; (5) order the transfer of the cravetattooinc.com domain name to Crave Magazine, and (6) award such further relief as the Court deems just and equitable.

## COUNT VII

### COMMON LAW TRADEMARK INFRINGEMENT

60. Crave Magazine has a valid trademark or protectable right in the Crave Logo.

61. Crave Magazine has a valid trademark or protectable right in the Word Mark.

62. Crave Magazine has a valid trademark or protectable right in the word mark CRAVE TATTOO.

63. Kevin Crimmins application for registration of the Crimmins Mark infringes on the proprietary rights of Crave Magazine in the Crave Logo and the Crave Word Mark.

64. Kevin Crimmins' registration and use in commerce of the domain name cravetattooinc.com infringes on Crave Magazine's proprietary rights in the Crave Logo and the Crave Word Marks.

65. Crave Magazine has suffered damages sufficient to invoke the jurisdiction of this court.

**WHEREFORE**, Crave Magazine respectfully request the Court enter judgment against Kevin Crimmins individually and: (1) award Crave Magazine compensatory damages in an amount to be determined at trial; (2) enjoin Kevin Crimmins and Crave Tattoo, Inc. f/k/a Crave Tatoo, Inc. from infringing on the proprietary rights of Crave Magazine; and (3) award such further relief as the Court deems just and equitable.

## COUNT VIII

### PRELIMINARY INJUNCTION

66. Crave Magazine will suffer further irreparable injury if Kevin Crimmins continues to pursue registration of the Crimmins Logo or if Kevin Crimmins and Crave Tattoo, Inc. f/k/a Crave Tatoo, Inc. continue to use the Crimmins Logo in commerce, the Word Mark, or the mark CRAVE TATTOO.

67. There is no adequate remedy available at law for Crave Magazine.

68. Crave Magazine will be greatly and irreparably injured if Kevin Crimmins registers the Crimmins Logo as a trademark and continues to infringe on the Crave Logo, Word Mark, and the mark CRAVE TATTOO.

69. Crave Magazine is likely to succeed in its actions against Kevin Crimmins and Crave Tattoo, Inc.

70. Crave Magazine is prepared to post bond to support a preliminary injunction.

71. This application for temporary relief has not been presented to any other judge or tribunal.

**WHEREFORE,** Crave Magazine respectfully requests the Court order an immediate hearing on this Application for Preliminary Injunction and pursuant to Federal Rule of Civil Procedure 65(a) prays the court will:

A. Enjoin Kevin Crimmins from pursuing further federal registration of the Crimmins Logo, the Word Mark, or the mark CRAVE TATTOO;

B. Enjoin Kevin Crimmins from using in commerce the Crimmins Logo, Word Mark or the mark CRAVE TATTOO; and

C. Award Crave Magazine the costs and expenses incurred by Crave Magazine in bringing this action, including without limitation, its reasonable attorneys fees.

12

Respectfully submitted,

WHITFIELD & EDDY, P.L.C.
317 Sixth Avenue, Suite 1200
Des Moines, IA 50309
Telephone: (515) 288-6041
Facsimile: (515) 246-1474
E-mail: helton@whitfieldlaw.com
E-mail: stanfield@whitfieldlaw.com

By: _____/s/_____
    J. Campbell Helton    PK0014827

By: _____/s/_____
    B. MacPaul Stanfield    PK2978766

ATTORNEYS FOR PLAINTIFF
CRAVE MAGAZINE, INC.

Original Filed.

I:\CraveMagazineInc\Trademark\Crave.Complaint.wpd

13